IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANA PEARSON, DAVID LUCERO,
DARCY HOLMES and JAMES CHARLES,

        Plaintiffs,

        vs.

NEW MEXICO DEPARTMENT OF
CORRECTIONS, NEW MEXICO STATE
POLICE, and CIVIGENICS, INC., JOHN
DOES 1-10,

        Defendants.

Civ. No. 05-1089 MV/KBM

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants New Mexico Department of Corrections and New Mexico State Police's Motion to Dismiss for Failure to State a Claim Based on Eleventh Amendment Immunity, filed April 4, 2006, **[Doc. No. 15]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

**FACTUAL BACKGROUND**

Defendant CiviGenics, Inc., a contractor of Defendant New Mexico Department of Corrections ("Department of Corrections"), operates a facility known as Fort Stanton that houses and provides services to Department of Corrections inmates prior to their release from incarceration. According to Plaintiffs' Complaint, on August 24, 2004, CiviGenics received information that an inmate was involved in the manufacture of methamphetamines on the premises of the Fort Stanton facility. At the request of CiviGenics, New Mexico State Police and Department of Corrections personnel staged a raid of the Fort Stanton facility. During this raid,

the inmates and employees at the Fort Stanton facility were seized and held together under armed guard for several hours.  Plaintiffs, who were employees of CiviGenics at the time of the raid, filed a complaint in federal court against CiviGenics, the New Mexico State Police, the New Mexico Department of Corrections, and several John Doe employees of the New Mexico State Police and Department of Corrections, alleging constitutional claims pursuant to § 1983, state breach of contract of employment claims, and violations of the New Mexico Tort Claims Act.  Plaintiffs seek damages and injunctive relief.  Defendants New Mexico State Police and New Mexico Department of Corrections filed the instant motion to dismiss asserting that the claims against them are barred by the Eleventh Amendment.

## LEGAL STANDARD

Defendants brought their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  As Defendants recognize in their reply, however, a motion to dismiss based on lack of subject matter jurisdiction should be brought pursuant to Federal Rule of Civil Procedure 12(b)(1).  Rule 12(b)(1) provides that a defendant may move the court to dismiss the claim for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1).  When a defendant challenges subject matter jurisdiction, the plaintiff must establish such jurisdiction by a preponderance of the evidence. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). Unlike a Rule 12(b)(6) motion, a motion under Rule 12(b)(1) "can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir. 1987).  Indeed, the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1)." *Id.*

**DISCUSSION**

The Eleventh Amendment to the United States Constitution bars suits in federal court for damages against states, state agencies, and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the immunity by creating a statutory cause of action. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-102 (1984). "Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [a plaintiff's] underlying . . . claim." *Martin v. Kansas*, 190 F.3d 1120, 1126 (10th Cir. 1999), overruled on other grounds by *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001).

Defendant New Mexico Department of Corrections and Defendant New Mexico State Police are state agencies, *see* N.M.S.A. 1978 §§ 9-3-3; 9-19-4; 29-2-1, who are immune from suit in federal court unless New Mexico has waived its immunity by consenting to suit or Congress has abrogated New Mexico's sovereign immunity. The Supreme Court has determined that the passage of 42 U.S.C. § 1983 did not abrogate state sovereign immunity. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979). Furthermore, the Supreme Court has held that neither states nor state officers sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Under its Tort Claims Act, the State of New Mexico has consented to suits against its entities and employees acting within the scope of their duty for enumerated unintentional torts. N.M.S.A. §§ 41-4-4 to 41-4-29. But that consent is limited to actions commenced in the state district courts. Section 41-4-18A of the Act provides: "Exclusive original jurisdiction for any

claim under the Tort Claims Act shall be in the district courts of New Mexico." *See also id.* at § 41-4-4F (nothing in prior subsections shall constitute "waiver of the state's immunity from suit in federal court under the eleventh amendment"); *Wojciechowski v. Harriman*, 607 F.Supp. 631, 633-35 (D.N.M. 1985) (recognizing that § 41-4-18A limits federal court's jurisdiction over tort claims against the state).

Congress has not abrogated New Mexico's sovereign immunity and New Mexico has not waived its sovereign immunity. Consequently, Plaintiffs' § 1983 and tort claims against Defendant New Mexico State Police and Defendant New Mexico Department of Corrections are barred by the Eleventh Amendment and must be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiffs admit that there is no legal basis to sue state agencies for monetary damages in federal court but believe that the motion to dismiss should be denied because discovery is necessary to determine if there is a basis for injunctive relief against the John Doe state employees in their official and personal capacities.[1] The motion to dismiss, however, is not brought on behalf of the John Doe defendants so any argument regarding the sufficiency of Plaintiffs' claims against these defendants is irrelevant.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants New Mexico Department of

---

[1] While the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies whether the relief sought is legal or equitable, *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986), the Eleventh Amendment does not prohibit suits against state officials for prospective injunctive relief, *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). Plaintiffs may not seek injunctive relief against Defendant New Mexico Department of Corrections and Defendant New Mexico State Police because they are state agencies, not state officials.

Corrections and New Mexico State Police's Motion to Dismiss for Failure to State a Claim Based on Eleventh Amendment Immunity, filed April 4, 2006, **[Doc. No. 15]**, is hereby **GRANTED**. Plaintiffs' claims against Defendant New Mexico Department of Corrections and Defendant New Mexico State Police are hereby dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 21st day of September, 2006.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
   John Robert Beauvais, Esq.

Attorney for Defendants:
   Robert W. Becker, Esq.